Dear Honorable Judges,

I am writing to respectfully bring to the Court's attention new evidence that has come to light in the months since the defendant's motion to dismiss was fully briefed and submitted for the Court's consideration. This evidence, which is linked below, consists of video from two recent meetings of the Omaha Public Schools Board of Education, held on October 16, 2023 and April 15, 2024, respectively.

https://youtu.be/9yiaZ_DkWvE

As the Court will see from these transcripts, the Board has demonstrated a clear and troubling pattern of inconsistency and selective enforcement when it comes to granting waivers of the requirement that members of the public state their address before delivering public comments at Board meetings. At the October meeting, the Board summarily denied my own request for such a waiver, along with that of another individual, without even allowing a second to the motion. Yet just six months later, at the April meeting, the Board granted an identical waiver request from another individual, citing his involvement as a witness in a hit-and-run accident.

There is concern about the relative merits of the two waiver requests and the disparate way in which they were handled by the Board. This is precisely the kind of inconsistency and double standard that should be recognized by the Court, as it goes to the heart of the claims about the Board's unfairness and abuse of power.

It is difficult to see how being a witness to a hit-and-run accident, while certainly a serious matter, could justify a greater need for privacy or security than the more general concerns cited by myself and Jayden Mcnabb, who both sought a waiver at the October meeting. If anything, one could argue that publicly announcing one's involvement in such an incident could actually increase the risk of retaliation or intimidation, as it alerts potential wrongdoers to the fact that there is a witness who could identify them.

The fact that Board President Head took the time to circulate Mr. Prohaska's waiver request to each individual board member for their review and consideration, while simply denying my request outright without any discussion or deliberation, suggests a level of favoritism and selective treatment that is deeply troubling. It is as if the Board had already made up its mind to grant Mr. Prohaska's request before he even spoke, while myself and the other individual who sought a waiver were presumed unworthy of such consideration from the outset.

This disparate treatment raises serious questions about the Board's fairness, impartiality, and commitment to the principles of open government, and it goes to the heart of the claims I have raised in my complaint against the District. If the Board is willing to apply its rules and procedures in such an arbitrary and inconsistent manner, how can the public trust that it is acting in good faith and in the best interests of the community as a whole?

This evidence underscores the need for the Court to look beyond the narrow procedural arguments raised in the defendant's motion to dismiss and to consider the broader pattern of misconduct and abuse of power that I have alleged in my complaint. The Board's actions at these recent meetings are not isolated incidents but are part of a larger culture of secrecy, favoritism, and retaliation that has pervaded the District's dealings with parents, students, and community members who dare to speak out or challenge the status quo.

I therefore respectfully submit that this new evidence weighs strongly against dismissal of my complaint at this stage and in favor of allowing my claims to proceed to discovery and trial. The community deserves a full and fair accounting of the Board's actions and policies and the opportunity to hold its elected officials accountable for their conduct. To dismiss this case now, in light of this new evidence and the serious questions it raises, would be to send a message that the Board is above the law and immune from judicial scrutiny.

I recognize that the Court has many pressing matters on its docket and that the delay in ruling on the defendant's motion to dismiss is no doubt due to the complexity and importance of the issues involved. However, I respectfully submit that this new evidence only underscores the urgency and gravity of the matter before the Court and the need for a prompt and definitive ruling that will allow this case to move forward, stopping continued damage to individuals in the Omaha Public School community.

Thank you for your attention to this matter and for your continued stewardship of the principles of justice, transparency, and accountability that are so essential to the health and vitality of our democracy.

Sincerely,
Justin Riddle
402-813-2156
Justinriddle1@gmail.com