This judge's opinion represents a slap in the face to not just my constitutional rights, but to my family's multi-generational commitment to the Omaha Public Schools system.

As a proud product of OPS who has seen two children graduate and currently has one child in 10th grade enrolled, I approached these proceedings as a dedicated member of the community - a community my own mother served with over 35 years of faithful employment before retiring with an OPS pension. Our family's contributions strengthen the district's fabric.

Yet, this ruling repays that allegiance with utter desecration of my interests as a parent. The court could not be more dismissive of the overwhelming evidence I put forward of OPS's systemic viewpoint discrimination and retaliation against critics like myself. Damning facts detailing reprisal through censorship, false protection orders, and collusion with law enforcement to intimidate are swept aside through insultingly cursory analysis.

More egregiously, the court makes no effort to even acknowledge the motivating context at the heart of my advocacy - my 3-year-old non-verbal, autistic child currently enrolled in OPS and reliant on an Individualized Education Program requiring weekly home visits to address their Level 2 needs. This child's interests and constitutional rights were the catalyst for my criticisms, yet the opinion simply desecrates their existence from the record entirely.

For a tribunal to so utterly fail to remaining impartially grounded in substantive facts while evincing thinly-veiled prejudice through commentary about me needing to "learn a lesson" is a violation of its most sacred duties. The law demands more than the court's patent dismissal of evidence, avoidance of key issues, and pattern of factual inaccuracies suggestive of a dire lack of diligence, if not outright bias.

My family has given decades of civic commitment to OPS in good faith. This ruling represents an unconscionable betrayal of that investment and the very principles of due process thatches of justice are sworn to uphold. No litigant seeking a credible forum to vindicate civil rights should be forced to accept judgment from a court yielding to such overt partiality.

I cannot and will not allow such a unacceptable dereliction of judicial duties to stand. This ruling's desecration of my family's interests and the evidence of institutional misbehavior demands far more than a complacent affirmation of government overreach. Our rights and checks on abuses of power mean nothing if not vigorously defended through legitimate legal process.

Indifference here enables the very breaches I protested. More crucially, it signals the jundistry's refusal to remain a impartial guardian of constitutional liberties. I have no choice but to seek a full rehearing before an unbiased tribunal through all available appellate remedies. Due process requires - and my family's sacrifice towards OPS demands - nothing less.