IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUSTIN E. RIDDLE,<br><br>           Plaintiff,<br><br>    v.<br><br>OMAHA PUBLIC SCHOOLS,<br><br>           Defendant. | 8:23CV547<br><br><br>MEMORANDUM<br>AND ORDER |

        On September 8, 2023, plaintiff Justin E. Riddle ("Riddle") brought an action *pro se* against defendant Omaha Public Schools ("OPS") in the District Court of Douglas County, Nebraska, challenging various actions of OPS and Omaha Police Department officials that he contends violated his free speech and due process rights (Case No. 23cv455, Filing No. 1-1). *See* 42 U.S.C. § 1983 (establishing liability for any person who, under the color of law, deprives another of their rights). After OPS removed the lawsuit to this Court, *see* 28 U.S.C. §§ 1331, 1441, and moved to dismiss his complaint, Riddle voluntarily dismissed that action, *see* Fed. R. Civ. P. 41(a)(1)(A)(i). Just two weeks later, Riddle filed this complaint (Filing No. 1) against OPS generally alleging the same claims he raised before.

        On January 10, 2024, OPS moved to dismiss Riddle's complaint for failure to state a claim and lack of subject matter jurisdiction (Filing No. 6). *See* Fed. R. Civ. P. 12(b)(1), (6). The Court granted OPS's Rule 12(b)(6) motion on April 19, 2024, concluding Riddle's allegations, accepted as true and liberally construed, *see Rinehart v. Weitzell*, 964 F.3d 684, 687-88 (8th Cir. 2020) (describing the courts' liberal treatment of *pro se* pleadings), failed to sufficiently allege "the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by [OPS] employees," *Kiefer v. Isanti County*, 71 F.4th 1149, 1153 (8th Cir. 2023) (quoting *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014)); *see also Monell v. Dep't of Soc. Servs. of N.Y.C.*,

436 U.S. 658, 690 (1978) (explaining that a municipal entity is generally not liable under § 1983 for the acts of its employees). In so doing, the Court expressly did not decide "whether the actions allegedly taken against Riddle himself were unconstitutional."

Riddle did not seek leave to amend his complaint to address those deficiencies and further pursue his claims. *See* Fed. R. Civ. P. 15(a)(2); NECivR 15.1(a); *Rush v. State Ark. DWS*, 876 F.3d 1123, 1125-26 (8th Cir. 2017) (per curiam) (stating *pro se* parties in the plaintiff's position are normally granted leave to amend their pleadings). Instead, within two days of the Court's Memorandum and Order, Riddle filed two documents (Filing No. 20, 21) to add "to the official record to object to and correct" errors he sees in the Court's ruling. Riddle generally asserts the Court's Memorandum and Order demonstrates its "potential bias," "overt partiality," and "complacent affirmation of government overreach."

He specifically objects to the Court's lack of reference to his three-year-old child who has autism (who is mentioned once in his complaint and not discussed at length) and implication that he had "learned his lesson" and altered his behavior after being silenced at an OPS board meeting. Riddle asserts the former omission demonstrates this Court's "inability to correctly state such basic facts" and possible failure to diligently review the factual record in this matter. The latter phrase, which the Court included as a reference to the potential punitive impact of the OPS officials' actions, Riddle claims is actually indicative of the Court's "thinly-veiled prejudice" against him.

Though the Court was prepared to review and respond to his submissions as necessary, Riddle apparently felt he needed to immediately appeal. Riddle submitted to this Court his "Appellant's Opening Brief" directed to the Eighth Circuit (Filing No. 22) as well as his request that the Court "grant him in forma pauperis status" on appeal (Filing No. 23). The Court construes his brief, which clearly evidences Riddle's intent to appeal this Court's April 19th Memorandum and Order granting dismissal, as sufficient to serve as a notice of appeal of that determination. *See* Fed. R. App. P. 3(a), (c); *Smith v.*

2

*Barry*, 502 U.S. 244, 245 (1992) (holding "that a document intended to serve as an appellate brief may qualify as the notice of appeal required by Rule 3"); *see also United States v. City of Fort Smith*, 48 F.4th 900, 906 (8th Cir. 2022).

Generally, the filing of a notice of appeal "divests the district court of [jurisdiction] over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). That longstanding rule largely bars the Court from "reexamin[ing] or supplement[ing] the order being appealed." *See State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999). In light of these principles, Riddle's prompt appeal divests the Court of jurisdiction to consider the issues he raises.

With respect to Riddle's request to proceed in forma pauperis on appeal, Federal Rule of Appellate Procedure 24 requires him to "file a motion in the district court" along with an affidavit that "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs[,] (B) claims an entitlement to redress[,] and (C) states the issues that the party intends to present on appeal." *See Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) ("The in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure that indigent persons will have equal access to the judicial system." (internal citation omitted)). Riddle instead asserts he should be permitted to proceed in forma pauperis on appeal "regardless of [his] personal financial means" due to the "paramount need to remove judicial obstacles" to review in this matter.

The Court cannot exempt Riddle from the requirements of Rule 24. He must therefore make the requisite submissions to this Court to support his request to proceed in forma pauperis on appeal or, alternatively, pay the filing fee.

IT IS ORDERED:

1. Riddle's request to proceed in forma pauperis on appeal (Filing No. 23) is denied without prejudice.

2. The Clerk of Court is directed to send the "Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis" form to Riddle at his address of record. The Court will reconsider whether Riddle should be given permission to proceed in forma pauperis on appeal if and when he files that affidavit.

Dated this 29th day of April 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge