Subject: RESPONSE TO COURT'S ORDER ON IFP REQUEST (Doc. #23)

Dear Honorable Court,

With utmost respect, the Court's order (Doc. #23) regarding my request to proceed in forma pauperis reveals a concerning pattern of fundamental analytical and procedural deficiencies that appears to systemically undermine fair adjudication of pro se civil rights matters.

In my original IFP motion, I explicitly stated the philosophical and jurisprudential grounds animating the request - namely, ensuring no financial criteria restrict full appellate oversight of the constitutional infirmities pervading the proceedings below. Nowhere did I claim financial hardship or indigence as motivating the request. In fact, nowhere in the documents does it suggest anything other than I was asking for a fee waiver on a constitutional basis of Equal Access to Justice. .

Yet the Court's decision to code it as "IFP" and its order, misconstrues the entire substantive predicate by denying the request "without prejudice" while arbitrarily demanding I re-submit an affidavit of indigence - documentation I never initially provided because personal finances were immaterial to the legal grounds asserted.  This baseless demand to re-file evidence never submitted in the first instance defies basic norms of reasoned judicial analysis.

More concerning, however, is the Court's statement that it "will reconsider whether [I] should be given permission to proceed IFP" upon receiving supplemental materials I've already cogently explained are irrelevant to the actual IFP grounds presented. This rhetoric reveals a pre-judged predisposition to deny the substantive legal arguments for IFP status regardless of the Court's purported willingness to "reconsider" after pointlessly receiving inapplicable financial affidavits.

In effect, the Court has manufactured an artificial bureaucratic hurdle by demanding information completely divorced from the legal theory underlying my motion. This tactic obfuscates and forestalls substantive adjudication of whether removing financial impediments is legally warranted to ensure appellate oversight of potential constitutional defects below - the actual IFP issue presented.

Imposing this arbitrary re-filing demand (which I have now satisfied under protest) creates the appearance of disparate treatment based solely on my pro se status. A represented litigant's IFP request would standardly be evaluated on the substantive justifications and evidentiary record presented initially - not subjected to bespoke documentary demands untethered from the operative legal theory.

This disconnect between my clearly articulated IFP rationale and the Court's re-characterization as an indigence dispute exemplifies a pattern of courts systematically declining to address the substantive legal dimensions underlying pro se motions. It reveals an insupportable analytical framework where facts and law inconvenient to the desired conclusion are simply repackaged or disregarded rather than squarely adjudicated through impartial adverse analysis.

If this Court is unwilling to fully engage the substance of my arguments for limited IFP status rooted in the sui generis need to ensure unfettered appellate review can remedy potential constitutional violations below, that necessarily raises due process and equal protection concerns under binding precedent.

Therefore, I respectfully reiterate my original IFP arguments and request this Court perform a genuine adverse analysis of whether removing economic impediments safeguarding appellate review of the constitutional dimensions of this case is legally justified and warranted under the unique circumstances presented. A proper ruling on the merits should follow - not perpetuation of artificial demands for documents having no bearing on the operative IFP justification.

Thank you for your judicious consideration of this response.

Sincerely,
Justin Riddle, Pro Se