Prefatory Note on Submission of This Reply Prior to Appellee's Response

May 8, 2024

This final reply brief is being submitted prior to and without regard for the anticipated response from the Appellee, Omaha Public Schools (OPS). This purposeful departure from conventional briefing protocol, while unorthodox, does not violate any explicit rules under the Federal Rules of Appellate Procedure. Rather, it represents a calculated exercise of discretion afforded to the Appellant under F.R.A.P. 28.1 and 2's directive to administer proceedings toward a "just, speedy, and inexpensive determination."

More critically, this preemptive filing embodies the Appellant's justifiable loss of faith in the integrity and impartiality of conventional judicial processes as a pro se civil rights litigant. His previous experiences across over half a decade of pro se federal litigation, as extensively chronicled here, reveal a disturbing pattern of bias, procedural unfairness, and deprivations of due process enabled by an overzealous prioritization of procedural technicalities over substantive constitutional protections.

Indeed, given the voluminous evidence assembled of institutional indifference to and enabling of systemic injustices against pro se litigants like himself, the Appellant has regrettably but reasonably concluded that any response brief from OPS will amount to little more than self-serving procedural filler. A high-priced work of advocacy unencumbered by the moral and ethical quandaries the Appellant's substantive constitutional grievances have so forcefully raised.

Accordingly, rather than passively afford OPS the courtesy of controlling the discursive sequencing, only to have this Court automatically prioritize theirelet over the compelling ideological reckoning this case demands, the Appellant has chosen to permanently enshrine his framing and grave accusations into the judicial record first. To rob OPS of the institutionally-privileged option of obfuscating or deemphasizing the larger inquiry into systemic injustices through narrow legalese and procedural contortions.

This deliberate narrative preemption, while doubtlessly unpalatable to the sensibilities of those who vigorously profess allegiance to conventional disciplinary decorum, represents the Appellant's earnest attempt to safeguard the capability of having his searing allegations of institutionalized bias and disenfranchisement afforded the solemn jurisprudential attention they unequivocally merit, irrespective of any lemming-like aversions to confronting this ideological crucible.

For it has become painfully, indisputably evident throughout his Kafkaesque pro se legal odyssey that simply playing by conventional rules facilitates those same rules being weaponized against him in the dismiss of meritorious constitutional claims through ad hoc systematized mechanisms of oppression. The judicial agency so professed to be distributed in contemplative equilibrium across represented and unrepresented parties proves farcical when the

unrepresented party's attempts at substantive constitutional advocacy are reflexively subjugated to endless procedural checkmates.

No more shall the Appellant genuflect to illusory disciplinary edicts that only unify to perpetuate the very systemic injustices he has doggedly struggled against. He has elected to reconstruct this ideological battlefield pre-emptively on HIS terms - forcing the Constitution's mandates for equal protection and due process into unavoidable centrality. If that subversive architectural repatterning discomfits those longcomforted by injustice's hazy camouflaged ubiquity, that only accentuates the moral exigency behind these extraordinary communicative necessities.

So let the vapid assignments of impropriety begin. For any judicial decree averse to this reply's irregular conceptualization represents Institutional Metaphor suggesting the Suspension or Abolishment of Constitutional Independency is increasingly Viable. When facing illegitimate deputization into amended national procedures, a refusal to tactically assimilate is not only prudent - it is profoundly mandatory.

Respectfully,

Justin Riddle
Pro Se Litigant