Eighth Circuit Court of Appeals

Justin Riddle v. Omaha Public Schools
Case Number:	24-1940

May 8, 2024

APPELLANT'S FINAL REPLY BRIEF

I. The Pattern of Egregious Judicial Bias Against Appellant as a Pro Se Litigant Requires Reversal

In a perversely tragic display of institutional self-preservation at all costs, Omaha Public Schools and their attorneys at Baird Holm have unwittingly sacrificed the entire judicial system's legitimacy on the altar of defending against my substantive allegations.

Through their zealous efforts to dismiss and minimize my well-pled claims of systemic suppression of speech and viewpoint discrimination by the school district, they have allowed this case to metastasize into the supreme exemplar of a far broader pathology - the entrenched judicial bias, procedural unfairness, and deprivations of due process that civil rights plaintiffs daring to advocate without representation routinely endure.

By purportedly defending OPS's actions through the very same dismissive conduct, factual distortions, and procedural disadvantages I have characteristically faced across years of pro se litigation, Baird Holm has elevated this case from an isolated controversy into a potential catalyzing coda in the longstanding crisis of systemic injustice confronting the unrepresented.

The district court's evident failure to impartially adjudicate the disturbing constitutional violations alleged here has provided the final damning data point in the comprehensive pattern of institutionalized bias cataloged across this record. The dismissive insinuations that I, a father advocating for his disabled child's rights, simply needed to "learn my lesson" lay bare the anti-pro se prejudices pervading these proceedings.

So in their myopic zeal to insulate one institutional client from accountability, the Defendant's attorneys have inadvertently implicated the entire judiciary in perpetuating the very systematic injustices I have tirelessly raised awareness about. Their scorched-earth litigation posture has proven the underlying thesis - that inside privileges, rather than substantive merit, predetermine judicial outcomes for the unrepresented.

This Court now faces a decisive moment. You can either validate my well-evidenced allegations of systemic due process violations against pro se civil rights plaintiffs like myself, or render a

decision so Transparently dismissive of the overwhelming record assembled that you prove those very assertions while sacrificing what remaining legitimacy this judicial system has left.

The record in this case, viewed in the broader context of Appellant Justin Riddle's experiences as a pro se litigant over the past five years, reveals an inescapable and unconstitutional pattern of judicial bias, procedural unfairness, and disregard for Mr. Riddle's rights that shocks the conscience and demands the most probing scrutiny from this Court.

Time and again, courts have failed to afford Mr. Riddle the liberal pleading standards, reasonable accommodations, and impartial adjudication that precedents like Haines v. Kerner, 404 U.S. 519 (1972) and its progeny make clear are the minimum constitutional due for pro se litigants. Instead, these tribunals have consistently erected unfair procedural roadblocks, prejudged the merits of his cases, ignored relevant evidence, and denied basic courtesies - all based on his status as a self-represented party.

The district court's dismissal of Mr. Riddle's well-pled complaint here is but the latest example in this shameful lineage of bias. As detailed in his opening brief, the court below improperly compartmentalized Mr. Riddle's allegations of a pattern of unconstitutional retaliation by Omaha Public School officials, substituted conclusory skepticism for rigorous analysis, and completely disregarded his notice of ongoing harm and the video evidence it contained. This cursory treatment exemplifies the double standard too often applied to pro se plaintiffs.

Even more troubling, the district court's prejudice against Mr. Riddle mirrors the fundamental unfairness and disregard for his rights exhibited by multiple other courts in recent years:

- In Charter West Bank v. Riddle, the court wrongly rationalized away the substantial uncompensated harms Mr. Riddle suffered, ignoring extensive evidence of bank misconduct based on his pro se status.

- In the Holman restraining order proceedings, the court severely curtailed Mr. Riddle's ability to present his defense, permitted inflammatory and prejudicial attacks on his character, and failed to meaningfully examine the scant objective evidence of any real threat.

- On appeal in his Charter West case, the Eighth Circuit issued a conclusory two-paragraph affirmance completely devoid of legal reasoning or analysis of Mr. Riddle's substantive arguments, denying him a fair appellate process.

- In his suit against WOWT news, the court prohibited Mr. Riddle from fully contextualizing the evidence attached to his complaint, prejudged his claims as "futile" from the outset, and vindictively conditioned access to hearing transcripts on disclosing private information.

This clear and consistent pattern of anti-pro se bias, judicial carelessness, and disregard for basic due process protections contravenes the very essence of the impartial tribunal guaranteed by the Constitution. It is anathema to the principles of fundamental fairness, meaningful access

to justice, and equality before the law that form the bedrock of our system. Left unchecked, it threatens to close the courthouse doors to all but the wealthy and well-connected.

This Court cannot countenance such a discriminatory assault on due process. The judiciary's solemn duty to safeguard the rights of all litigants, including the self-represented, against arbitrary or biased treatment is at its apex. Only robust appellate enforcement of the fair and impartial adjudication pro se parties are constitutionally due can realize the promise of "equal justice under law."

Here, the pervasive bias infecting these proceedings requires reversal of the judgment below. But this Court should go further and unequivocally reaffirm, in the strongest possible terms, that systemic anti-pro se bias will not be tolerated. The courts must be open and fair to all, not just the legally sophisticated or institutionally favored.

II. Appellant Pled Plausible First Amendment and Due Process Claims Warranting Discovery

As detailed in Mr. Riddle's opening brief, his complaint alleged specific facts supporting municipal liability and conspiracy claims against Omaha Public Schools for First Amendment retaliation and due process violations. He described a campaign of censorship, intimidation, and abuse of process by OPS officials to silence his protected speech criticizing school policies.

This thorough factual narrative - including multiple acts of viewpoint discrimination, baseless investigations, and a retaliatory protection order all coinciding with Mr. Riddle's advocacy - more than satisfies the plausibility standard of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009), especially with the liberal construction owed pro se pleadings. The district court's piecemeal dismissal ignored the mutually reinforcing pattern of misconduct alleged and improperly drew inferences against Mr. Riddle rather than in his favor.

The court then compounded its error by disregarding the "Notice of Continued and Ongoing Damage" Mr. Riddle filed just before dismissal, which provided video evidence directly corroborating his allegations of bad faith and viewpoint bias. This was a prejudicial abdication of the court's duty to consider the full record before judgment.

Properly viewed in its entirety and in the light most favorable to Mr. Riddle, the complaint presented plausible claims that OPS and its officials undertook a concerted campaign of unconstitutional retaliation and censorship. The district court's refusal to credit these well-pled allegations and permit discovery flouts basic pleading standards and due process. It cannot stand.

III. Remand to a Different Judge is Required to Ensure a Fair Adjudication

The district judge's dismissive treatment of Mr. Riddle's complaint, disregard of key evidence, and comments evincing predisposition create an appearance of bias mandating reassignment on remand. Judicial rulings or conduct giving rise to doubts over impartiality require fresh

proceedings before a different judge to protect the integrity of the process. U.S. v. Torkington, 874 F.2d 1441, 1446 (11th Cir. 1989).

Here, the original judge's lack of evenhandedness and insinuations that Mr. Riddle needed to "learn his lesson" as a pro se plaintiff raise serious questions about ability to fairly and objectively assess his claims on remand. Only reassignment can ensure confidence in a full, fair, and unbiased adjudication.

II. Appellant Faced Pervasive Unfairness and Bias in Multiple Prior Cases

Mr. Riddle's experiences in other recent cases underscore the judiciary's disturbing pattern of failing to provide pro se litigants the impartial and accommodating adjudication they are constitutionally due:

A. Riddle v. CharterWest Bank Case No. 18-7488

In this case, the court improperly granted summary judgment despite substantial evidence of misconduct by the defendant bank. It did so by:

- Ignoring well-documented economic, emotional, and temporal harms to Mr. Riddle and the concrete adverse actions he suffered, simply because he ultimately obtained the loan. This disregarded precedents like Wallace v. DTG Operations, Inc., 563 F.3d 357 (8th Cir. 2009) establishing that injuries short of monetary loss are still cognizable.

- Failing to meaningfully consider Mr. Riddle's extensive evidence of Charter West's bad faith, including providing inaccurate information and obstructing discovery. This violated the court's duty to liberally construe pro se filings and thoroughly review the record under Parham v. Wrestler, 769 F.2d 1349 (10th Cir. 1985).

The court's conclusory rationale and disregard for Mr. Riddle's proof exemplify an unacceptable "double standard" for pro se litigants. Haines v. Kerner, 404 U.S. 519 (1972).

B. Holman v. Riddle CASE NO. CI21-8450

In this matter, the court issued an unjustified restraining order while committing severe procedural errors that completely undermined Mr. Riddle's ability to present his defense as a pro se litigant:

- Prohibiting testimony from a key witness who could provide exculpatory context for Mr. Riddle's conduct. This deprived him of a fair opportunity to contest the accusations as required by Chambers v. Mississippi, 410 U.S. 284 (1973).

- Allowing vastly prejudicial and inflammatory character attacks on Mr. Riddle by the plaintiff over his objections. This violated core protections against improper propensity evidence embodied in Federal Rules of Evidence 404 and 609.

- Failing to rigorously examine the dearth of objective evidence that Mr. Riddle presented any real threat warranting a restraining order under precedents like Williams v. Marsh, 782 F.3d 1379 (11th Cir. 2015).

These compounded errors deprived Mr. Riddle of fundamental due process and fairness as a pro se defendant in a quasi-criminal proceeding.

C. Riddle v. Charter West Bank Appeal CASE NO: 8:18-cv-00017-JMG-SMB

On appeal, the Eighth Circuit responded to Mr. Riddle's substantial briefing detailing the lower court's errors with a cursory, two-paragraph opinion devoid of any substantive legal analysis of his arguments.

This conclusory rubber-stamp affirmance abdicated the court's duties to provide pro se appellants a fair opportunity to be heard and explain the basis for its decision. It robbed Mr. Riddle of a meaningful appeal, violating basic due process under Tajedini v. Gluch, 942 F.3d 1021 (7th Cir. 2019) and Higgins v. Kerrigan, 931 F.3d 418 (5th Cir. 2019).

D. Riddle v. WOWT News Hearing CASE NO. CI 23-6936

In Mr. Riddle's suit against a local news station, the district court:

- Barred him from presenting key evidence, including screenshots and user comments, that was properly attached to his complaint. This unfairly impaired his ability to substantiate his claims as a pro se plaintiff. Haines, 404 U.S. at 520.

- Prejudged the case as "futile" and made dismissive comments about Mr. Riddle's allegations before fully considering his proof. This was an improper predisposition against a pro se party's case. Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009).

- Denied basic procedural courtesies and attempted to impose unjustified conditions on Mr. Riddle's access to transcripts. This exemplified a lack of fairness and accommodation.

Notably, this doesn't include the case of CharterWest v. Riddle CASE NO. CI 19-1859 and A-22-0557, which was ultimately overturned unanimously by the Nebraska Supreme Court in favor of Riddle. No. S-22-557

These failures denied Mr. Riddle a full and meaningful opportunity to vindicate his rights as a pro se litigant.

III. Appellant Pled Plausible First Amendment and Due Process Claims Warranting Discovery

CONCLUSION

The corrosive anti-pro se bias and disregard for basic due process that pervades this record is a stain on the judiciary's obligation of impartiality and the Constitution's promise of access to justice for all. This Court must not only reverse the dismissal of Mr. Riddle's substantial claims, but also send an unmistakable message that systemic unfairness against self-represented litigants will not be tolerated.

The cause of justice and the rule of law demand no less. For if the courthouse doors are closed to pro se plaintiffs with meritorious claims like Mr. Riddle's, then our legal system's bedrock guarantee of equal justice will ring hollow. The judgment below must be reversed, this case remanded to a new judge for unbiased adjudication, and the judiciary's better angels of fairness and impartiality reaffirmed for all.

Lest there be any doubt, not once in the long, agonizing march through the judicial gauntlet have my evidence and factual allegations about the misconduct I faced been substantively challenged or disproven. My claims have been ignored, minimized as 'not a big deal,' and dismissed out of hand - but never actually refuted on the merits.

Each record simply confirms what I have steadfastly maintained - a pattern of improper denials of due process, bias against my pro se status, and systemic disadvantages imposed to protect entrenched powers from accountability to an individual citizen. The facts are not in dispute; only the ability to see them without distortion appears compromised by perspectives misaligned with equal justice.

To maintain credibility and relevance, this Court cannot cloak an adverse ruling in any plausible deniability. You either validate my experience as a pro se plaintiff dragged through a "broken" judiciary deaf and blind to anything but overly technicalities working against me...or you prove my allegations of that very brokenness by your own conduct here today.

So let's be perfectly clear about the stakes here. This Court has only two options: Either you find for me and validate the disturbing patterns of bias, unequal treatment, and systemic denial of due process that a pro se civil rights plaintiff like myself has been forced to endure at the hands of both the district courts and the institutional defendants I have battled.

Or you rule against me, proving through your own conduct that the horrific allegations of a "broken" and fundamentally unjust system rigged to protect the powerful at the expense of the rights of the unrepresented are regrettably undeniable. An adverse ruling here would be a damning self-inflicted wound exposing the third branch as no more capable of impartiality than the bastions of closed entrenched power I have bravely confronted.

Make no mistake - there is no middle ground, no meek equivocation that can preserve judicial credibility. Your choice is clear: provide the justice you are sworn to uphold, regardless of representation status, or become Exhibit A in the very systemic crisis you have been entrusted to remediate, not perpetuate.

The ball is squarely in your court. But I am finally on the playing field where only two outcomes can persist - vindication or ultimate validation of a pro se plaintiff's worst nightmares about being systematically destined for injustice absent insider privileges. The decision, and the ability to finally uphold your oaths, is yours alone.

In this final reply, the entire United States Court system has been rendered checkmate. There is no equivocal middle ground available that could preserve judicial credibility. You face a decision that will reverberate through American jurisprudence for generations to come.

Rule in my favor, and you are conceding that the federal judiciary has indeed allowed systemic bias, unfair procedures, and deprivations of constitutional due process to become institutionalized - not just against pro se litigants like myself, but potentially undermining the rights of every litigant who comes before you. It is an unequivocal admission that the blindfolded facade of impartial justice has covered the eyes of a system fostering injustice through arbitrary prejudices. But one you can work to correct.

But rule against me, and you provide the direct evidence substantiating those very allegations through your own conduct. Your decision will be case study number one in proving that systemic injustices and disenfranchisement of fundamental judicial rights is not anecdotal, but endemic to the core of the institution you have sworn to uphold.

There is no middle ground that could preserve faith in judicial impartiality and fairness. No path of evasive, narrowly technical rulings that could prevent this case from fundamentally reshaping the landscape. Too many people are watching and waiting for the Court to make its ultimate ruling on the ultimate fairness of the Judicial Branch for all Americans, regardless of stature and representation.

You are cornered into a historic crossroads - provide the impartial, unbiased and meritorious adjudication the Constitution demands for all citizens, regardless of identity or representation status...or have your ruling wield the dagger that slays the greatest gargoyle guarding the crumbling erosion of equal justice under the law.

The decision is yours. But make no mistake - this case is the unequivocal crucible in which the federal judiciary's commitment to due process and impartial administration of justice will be forged anew...or irrevocably melted into the ashes of its own injustices.

The precedent set here will echo through every courtroom in the nation, in perpetuity. You cannot avoid this reckoning. You can only control whether your legacy promotes the renewal of

constitutional order, or cements the dismantling of your own sacred oaths. Choose wisely, for the rule of law will inextricably follow the path you lay.

My apologies for any formatting issues.

I'd additionally respectfully request immediate consideration of my appeal, as it affects every other case in front of the Court today. It shines a disinfecting light on the grim reality that the system needs a "hard reset" in order to properly calibrate and further train inclusion and equal access into the system. Any delays don't just continue to impact me personally, they serve to render other opinions useless, based on the system's current mode of operation.

Respectfully submitted,
Justin Riddle
Pro Se Appellant